UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY HUGHES, *et al*, | } | |
| | } | |
| Plaintiffs, | } | |
| VS. | } | CIVIL ACTION NO. H-03-993 |
| | } | |
| LEGION INSURANCE CO, *et al*, | } | |
| | } | |
| Defendants. | } | |

**OPINION & ORDER**

Pending before the court in this ERISA case is Plaintiffs Jeffrey C. Hughes and Kathleen R. Hughes's application for attorneys' fees and costs (Doc. 102). Defendant United Staffing & Associates, Inc. ("United Staffing") has filed a response in opposition (Doc. 103). Having carefully considered this motion, the court ORDERS that Plaintiffs' motion is DENIED.

This case involves, *inter alia*, a breach of fiduciary duty claim against an employer, United Staffing, for failing to adequately obtain dependant coverage for an employee under an ERISA welfare benefit plan. United Staffing and Plaintiffs filed competing motions for summary judgment on the merits in this case. On March 12, 2007, the court issued its Memorandum Opinion and Order (Doc. 90) ("Summary Judgment Order") granting in part and denying in part these motions. Specifically, the court found that United Staffing had breached its fiduciary duty under § 502(a)(3) by mishandling the claim and by misrepresenting coverage under the plan, but that a "make-whole" remedy, in the form of payment of insurance benefits that would have accrued to the Plaintiffs but for United Staffing's breach of fiduciary duty, could not be maintained.[1] Under the applicable precedent, the only available remedy was the equitable

---

[1] The court provides only a brief synopsis of its Summary Judgment Order in this opinion. Familiarity with the Summary Judgment Order is therefore presumed.

restitution of the insurance premiums, which United Staffing allegedly had failed to remit. The court found that a fact question remained on whether United Staffing remitted the premium payments, and trial is currently set for the two weeks starting November 19, 2007. The Summary Judgment Order also awarded Plaintiffs their reasonable attorneys' fees and costs because Plaintiffs had prevailed on their breach of fiduciary duty claim.

Thereafter, United Staffing filed a motion for reconsideration (Doc. 92) asking the court to reconsider the potion of the Summary Judgment Order awarding attorneys' fees and costs. The court denied United Staffing's motion on June 29, 2007. (*See* Order, Doc. 101).

On July 5, 2007, Plaintiffs filed their application for attorneys' fees and costs (Doc. 102). Plaintiffs request in their application a total award of $132,293.00, representing $128,895.00 in attorneys' fees and $3,398.08 in expenses. In support, Plaintiffs attach two lists of invoices: first, a seventy-page, redacted billing invoice breaking down the attorneys' time and rates (Fees Invoice, Doc. 102 Ex. A); and, second, a seventeen-page, unredacted billing invoice detailing costs regarding copying, printing, online research, courier fees, postage, faxing, long distance telephone calls, mileage, and parking (Costs Invoice, Doc. 102 Ex. B). Plaintiffs assert in their briefing papers that "these fees and expenses are reasonable and necessary attorneys' fees and costs for this case." (Pl.'s Mot. 2, Doc. 102). Plaintiffs have not, however, provided any testimony or other documentary evidence regarding the same.

The amount of the premium payments at issue, and thus the most Plaintiffs can recover in this case as actual damages, is $404.40.

A party seeking an award of attorneys' fees bears the burden of establishing entitlement to the award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760

(5th Cir. 1996). The determination of a reasonable attorney's fee award typically involves a two-step process. *See Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1990). First, the court must calculate a "lodestar fee" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *see also Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995) (holding that a district court must apply the loadstar calculation to determine the amount to be awarded in an ERISA case).[2] Second, the court considers whether the lodestar figure should be adjusted upward or downward by looking at the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3]

If "a plaintiff has achieved only partial or limited success," the lodestar "may be an excessive amount. This will be true even when the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. The "most critical factor" in determining the size of a fee award is "the degree of success obtained." *Id.*; *see also Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). "There is no precise rule or formula for making these determinations," and if the court makes a downward adjustment for partial success, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37.

---

[2] As the Fifth Circuit stated in *Todd*, the first step in an ERISA case is to determine whether the party is entitled to attorneys' fees by applying the five factors enumerated in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). 47 F.3d at 1459. This court has already made this determination in its Summary Judgment Order (Doc. 90 at 15-16) and does not repeat its analysis here.

[3] The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

Here, the calculation of the lodestar is rendered impossible by Plaintiffs' failure to submit competent evidence regarding reasonable rates and hours. Courts require applicants to provide evidence demonstrating that the requested rates are consistent with prevailing rates in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Wheeler v. Mental Health & Mental Retardation Authority*, 752 F.2d 1063, 1073 (5th Cir. 1985) (citing *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 1547 n.11 (1984)). Plaintiffs have provided no such evidence, in the form of affidavits or otherwise. Moreover, the majority of the Fees Invoice entries is heavily redacted and/or contains vague language like "office conference." Heavily redacted billing invoices do not satisfy Plaintiffs' burden in this respect. *See Kellstrom*, 50 F.3d at 324 (stating that the court may reduce the number of hours awarded if the documentation is vague or incomplete). Finally, there is no affidavit authenticating the invoice lists, which thereby renders them inadmissible hearsay under Fed. R. Evid. 802. The court notes that each of these deficiencies is addressed in United Way's response to Plaintiffs' application for attorneys' fees. Plaintiffs' application for fees has not, however, been supplemented in the interim. Because Plaintiffs have failed to submit competent evidence establishing the amount of the fees and costs, they have not met their burden under *Hensley*, and the court cannot award the requested fees and costs. Accordingly, it is hereby

**ORDERED** that Plaintiffs' application for attorneys' fees and costs (Doc. 102) is **DENIED**.

SIGNED at Houston, Texas, this 30th day of October, 2007

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE