UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY HUGHES, *et al*, | } | |
| | } | |
| Plaintiffs, | } | |
| VS. | } | CIVIL ACTION NO. H-03-993 |
| | } | |
| LEGION INSURANCE CO, *et al*, | } | |
| | } | |
| Defendants. | } | |

**OPINION & ORDER ON ENTRY OF JUDGMENT**

Pending before the court in this ERISA case is defendants United Staffing & Associates, Inc. and Lorrie Amburgey's (collectively "United Staffing's") motion for entry of judgment (Doc. 105). The motion requests that judgment be entered for plaintiffs Jeffery C. Hughes and Kathleen R. Hughes ("Plaintiffs") in the amount of $404.40, representing the premium payments made by Plaintiffs and the most they can recover as actual damages in this case. (*See* Opinion & Order, dated October 30, 2007, Doc. 104) (hereafter "Order Denying Fees and Costs").

On November 2, 2007, the court ordered Plaintiffs to file an expedited response (Doc. 106). Plaintiffs filed for an extension of time to respond (Doc. 107), which the court granted (*see* Order, dated November 14, 2007, Doc. 11). Plaintiffs have since filed their response (Doc. 109). In their response, Plaintiffs do not oppose the entry of judgment in their favor, but ask that the court revisit the issue of attorneys' fees and costs. Plaintiffs request in the alternative that the court consider their submission for the purposes of including out-of-pocket expenses in any judgment against Defendants.

Although awarding Plaintiffs their attorneys' fees and costs in conjunction with the summary judgment order, the court subsequently denied Plaintiffs' application

for fees and costs because Plaintiffs had failed to meet their burden of establishing the amount or reasonableness of the award. (*See* Order Denying Fees and Costs). In asking the court to reconsider their application for fees and costs, Plaintiffs have offered a more complete submission of documented fees and costs, including an affidavit by their lead counsel regarding the reasonableness of the rates and hours expended and unredacted billing data. (*See* Broemer Aff. and exhibits attached thereto, Doc. 110).

The court declines to reconsider the denial of Plaintiffs' application for attorneys' fees, costs, and expenses. The Plaintiffs had an ample opportunity to provide evidence regarding reasonable rates and hours, not only in their original application but also in response to United Staffing's objections regarding the same. Failing to do so, Plaintiffs cannot argue on reconsideration that denial of their application for attorneys' fees, costs, and expenses   Accordingly, it is hereby

**ORDERED** that United Staffing's motion for entry of judgment (Doc. 105) is **GRANTED** to the extent that judgment shall be entered in Plaintiffs' favor for $404.40 in premium payments.

SIGNED at Houston, Texas, this 15th day of November, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE